UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES W. GILLIAM,

                Plaintiff,

       -v-

NEW YORK STATE BOARD OF LAW
EXAMINERS and CARMEN BEAUCHAMP
CIPARICK,

                Defendants.

**OPINION & ORDER**

23-CV-05201 (PMH)

PHILIP M. HALPERN, United States District Judge:

      James W. Gilliam ("Plaintiff"), proceeding *pro se*, commenced this action on June 18, 2024 against the New York State Board of Law Examiners ("Board") and Carmen Beauchamp Ciparick ("Ciparick" and together, "Defendants"). (Doc. 1, "Compl."). Plaintiff presses a claim for relief under 42 U.S.C. § 1983 for the violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[1] (*Id.*).

      Defendants filed, pursuant to the briefing schedule set forth by the Court, their motion to dismiss on October 27, 2023 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 16; Doc. 17, "Def. Br."; Doc. 18, "Onnen Decl."; Doc. 19, "McAlary Decl."; Doc. 20).

---

[1] Plaintiff also presses a claim for relief under 28 U.S.C. § 1343. (Compl. ¶¶ 26-28 ("Count One")). Defendants note in the motion to dismiss that "28 U.S.C. § 1343 is a jurisdictional statute and so does not provide a cause of action as Plaintiff has alleged." (Def. Br. at 14, n.5). The Court agrees. Section 1343 "is a jurisdictional provision and does not in itself provide a cause of action." *Davis v. 1568 Broadway Hotel Mgmt. LLC DoubleTree Hotel Times Square*, No. 17-CV-01895, 2018 WL 317849, at *3, n.8 (S.D.N.Y. Jan. 5, 2018); *see also Xu v. Neubauer*, 166 F. Supp. 3d 203, 208 (D. Conn. 2015) (Section 1343 "is merely a jurisdictional statute and is not itself the basis for any cause of action. Accordingly, the plaintiff's claim is being dismissed for failure to state a claim upon which relief can be granted."). Accordingly, to the extent that Plaintiff seeks to press a claim for relief for the violation of 28 U.S.C. § 1343, such claim is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff filed his opposition (Doc. 13; Doc. 15; Doc. 23; Doc. 24) and the motion to dismiss was fully submitted with the filing of Defendants' reply (Doc. 25, "Reply").

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## **BACKGROUND**

Plaintiff received his Bachelor of Laws degree on November 30, 2021 through a distance learning program at the University of London. (Compl. ¶¶ 62-64). Plaintiff alleges that, as of the filing of the Complaint, he was "days away from becoming registered as a solicitor admitted to the senior courts in England and Wales." (*Id.* ¶ 64). Plaintiff, while "starting his second year at the University of London," represented his wife in a lawsuit brought against her by Discover Bank in the New York Supreme Court, Orange County. (*Id.* ¶¶ 8, 21-22). Plaintiff filed an answer on behalf of his wife in the lawsuit brought by Discover Bank. (*Id.* ¶¶ 21-22). The trial court struck the answer filed by Plaintiff as a sanction for his unauthorized practice of law. (*Id.* ¶¶ 8-9 (citing *Discover Bank v. Gilliam*, 199 A.D.3d 645 (N.Y. App. Div. 2d Dep't 2021)). The New York State Supreme Court, Appellate Division, Second Department affirmed the trial court's sanction as appropriate, holding that "the Supreme Court properly determined that Gilliam's submissions to the court violated Judiciary Law § 478" and further that "the court did not err in striking the defendant's answer, opposition to the plaintiff's motion, and cross motion as an appropriate sanction for the unauthorized practice of law." *Discover Bank*, 199 A.D.3d at 645.

Plaintiff made a request to the Board on January 30, 2023 seeking an evaluation of his foreign academic credentials and a determination of his eligibility to sit for the New York Bar Exam. (McAlary Decl. ¶ 11). The Board requested documentation from Plaintiff concerning any in-person instruction he received and informed Plaintiff that without this additional information, it would be unable to issue a determination on his application. (*Id*. ¶¶ 12-13; Compl. ¶ 14). Plaintiff

2

has not provided this information, and the Board has not yet rendered a decision on his request to sit for the New York Bar Exam. (McAlary Decl. ¶ 14). Plaintiff filed a petition seeking a waiver of compliance from the New York Court of Appeals pursuant to Rule § 520.14. (*Id.* ¶ 15). Plaintiff's petition, verified on April 7, 2023, was denied by the Court of Appeals on May 31, 2023. (*Id.*). Plaintiff alleges that Defendants' conduct "constitutes discrimination" and unlawfully excludes him from the practice of law in violation of the Due Process Clause of the Fourteenth Amendment. (Compl. ¶ 30).

## STANDARD OF REVIEW

I. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).[2] "The Second Circuit has instructed courts to consider the Rule 12(b)(1) challenge first since if the Court must dismiss the complaint for lack of subject matter jurisdiction, the defendant's defenses and objections become moot and do not need to be determined." *Fife v. Fin. Indus. Regul. Auth., Inc.*, No. 20-CV-10716, 2022 WL 912945, at

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

\*2 (S.D.N.Y. Mar. 29, 2022), *aff'd*, No. 22-750, 2022 WL 17818984 (2d Cir. Dec. 20, 2022) (citing *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019)).[3]

    II.    Rule 12(b)(6) Standard

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions,

---

[3] "Whether Eleventh Amendment immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense has not yet been decided by the Supreme Court or [the Second Circuit]." *Allco Fin. Ltd. v. Roisman*, No. 22-2726, 2023 WL 4571965, at \*1 (2d Cir. July 18, 2023); *see also Mallison v. Conn. Office of Early Childhood*, 634 F. Supp. 3d 21, 30 n.2 (D. Conn. 2022) ("Neither the Second Circuit nor the Supreme Court has definitively determined whether the Eleventh Amendment is to be understood as a bar to subject matter jurisdiction or is more appropriately viewed as an affirmative defense."). Here, however, this distinction has no practical effect because the Court, in considering Defendants sovereign immunity argument, relies only upon the allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor.

and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

III.    Documents Considered

The Court, in deciding a Rule 12(b)(1) motion, "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. Indeed, on such a motion, the Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," along with "matters of which judicial notice may be taken." *Malloy v. Pompeo*, No. 18-CV-04756, 2020 WL 5603793, at *8 (S.D.N.Y. Sept. 18, 2020). Defendants submit the following documents in support of their motion to dismiss: the declaration of attorney Miranda Ruth Onnen (Doc. 18), which attaches as exhibits the motion schedule in the matter *Discover Bank v. Gilliam*, Index No. 6315/2017 (N.Y. Sup. Ct. Orange Cnty.) and the Decision & Order issued in that case; and the declaration of John McAlary, the Executive Director of the New York State Board of Law Examiners (Doc. 19).

The Court does not rely on Ms. Onnen's declaration or the exhibits thereto in reaching the rulings herein, and accordingly does not consider those documents other than as background material. The Court can and does consider Mr. McAlary's declaration, only to the extent that it is necessary to adjudicate Defendants' instant motion to dismiss.

## ANALYSIS

I.    Standing

Defendants argue that "[i]n the absence of any denial by the Board, Plaintiff cannot allege that he has suffered any injury in fact." (Def Br. at 11). John McAlary, the Executive Director of the New York State Board of Law Examiners, states in his declaration that the Board notified Plaintiff on February 14, 2023 that it was unable to determine Plaintiff's eligibility to sit for the New York Bar Exam based on the documents Plaintiff provided with his application and "gave Plaintiff the opportunity to demonstrate he received in-person instruction by providing" the

6

relevant supporting documents. (McAlary Decl. ¶¶ 11-14). Plaintiff has, as of October 26, 2023, failed to furnish evidence of in-person instruction and the Board has therefore not yet issued a determination on Plaintiff's eligibility to sit for the New York Bar Exam. (*Id.* ¶¶ 13-14).

The plaintiff in *Otrompke v. The First Dep't Comm. on Character & Fitness* failed to submit "required certified copies of his prior bar applications to complete his application." No. 20-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021). The Second Circuit held that the plaintiff lacked standing to assert claims related to his application for the New York Bar because the plaintiff "had not submitted a completed bar application at the time of his complaint." 2021 WL 5764221, at *1. The same is true here. Plaintiff was asked to submit documentation showing that he received in-person instruction to complete his application but failed to do so. (Compl. ¶ 14; McAlary Decl. ¶¶ 11-14). Plaintiff's application to determine his eligibility to sit for the New York Bar Exam is incomplete without the submission of the requested documents, and the Board has not yet issued an eligibility determination. (McAlary Decl. ¶ 14). Plaintiff cannot, under these circumstances, "establish that he had standing to bring a due process claim at the time he filed suit." *Otrompke*, 2021 WL 7654221, at *2. Accordingly, the Complaint must be dismissed.

II. <u>Eleventh Amendment Immunity</u>

Defendants separately argue that they "fall within a category of state agents afforded sovereign immunity and the Complaint must be dismissed." (Def. Br. at 11-12). The Second Circuit has "expressly decided this issue" by holding that "[t]he Board of Law Examiners, as an arm of the State of New York, shares in Eleventh Amendment immunity." *T.W. v. New York State Bd. of L. Examiners*, No. 22-1661, 2024 WL 3463499, at *4 (2d Cir. July 19, 2024) (citing *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021)). Ciparick, who serves as the chair of the Board, shares in the Board's Eleventh Amendment immunity—to the extent that

7

she is sued in her official capacity—as a state agent.[4] *See Asensio v. DiFiore*, No. 18-CV-10933, 2019 WL 4392743, at *6 (S.D.N.Y. Sept. 13, 2019) (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)) ("The immunity extends beyond the states themselves to state agents that are, effectively, arms of a state."). Defendants are therefore entitled to Eleventh Amendment immunity, which is an independent basis for the dismissal of the Complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and dismisses the Complaint with prejudice.[5] The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 16.

**SO ORDERED.**

Dated: White Plains, New York
August 19, 2024

PHILIP M. HALPERN
United States District Judge

---

[4] Plaintiff does not specify whether his claim for relief is pressed against Ciparick in both her official and individual capacities or only one. (Compl. at 2). Plaintiff does not seek money damages in this case, but rather requests in his prayer for relief that the "Court grant declaratory relief permitting him to sit for the New York Bar examinations at the earliest opportunity." (*Id*. at 40). There is no indication in the Complaint that Plaintiff intended to sue Ciparick in her individual capacity. Even if the Court were to construe the Complaint as pressing a claim against Ciparick in her individual capacity, such a claim would fail as a matter of law. Plaintiff has failed to allege that Ciparick was involved in or took any action in connection with Plaintiff's application to sit for the New York Bar Exam. The only allegation regarding Ciparick is a purely "hypothetical email exchange" between Ciparick and another individual that Plaintiff offers as a "theory of impropriety" that could have occurred. (*Id*. ¶¶ 17-18). This hypothetical scenario, standing alone, is insufficient to confer standing with respect to Ciparick in her individual capacity. *See Carney v. Adams*, 592 U.S. 53, 60 (2020) ("[S]tanding requires an injury in fact that must be concrete and particularized, as well as actual or imminent. It cannot be conjectural or hypothetical."); *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022) ("Melendez's argument regarding hypothetical facts would not allow his claims to survive a motion to dismiss because factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, to the extent that Plaintiff presses a claim against Ciparick in her individual capacity, it is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

[5] The Court need not and does not, given the conclusions herein, reach the balance of Defendants' arguments made in their motion to dismiss.